**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 6 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAUL ARELLANO,<br><br>　　　　　　Plaintiff-Appellant,<br><br>　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION; et al.,<br><br>　　　　　　Defendants-Appellees. | No.　16-56797<br><br>D.C. No. 3:15-cv-02300-AJB-JMA<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Submitted June 26, 2017[**]

Before:　PAEZ, BEA, and MURGUIA, Circuit Judges.

California state prisoner Raul Arellano appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging various

constitutional claims.  We have jurisdiction under 28 U.S.C. § 1291.  We review de

---

[*]　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

novo. *Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915A); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)). We may affirm on any basis supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm in part, vacate in part, and remand.

The district court properly dismissed Arellano's due process claim based on deprivation of property because Arellano had an adequate postdeprivation remedy under California law. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("[D]eprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."); *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) ("California [l]aw provides an adequate post-deprivation remedy for any property deprivations.").

The district court properly dismissed Arellano's due process claim alleging improper processing of grievances because Arellano "lack[s] a separate constitutional entitlement to a specific prison grievance procedure." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).

The district court properly dismissed Arellano's access-to-courts claim because Arellano did not allege facts sufficient to show that he suffered actual prejudice with respect to contemplated or existing litigation. *See Lewis v. Casey*,

16-56797

518 U.S. 343, 348-55 (1996) (requiring factual allegations showing actual injury in order to state an access-to-courts claim).

Dismissal was proper regarding Arellano's claim that he was denied telephone access because the facts alleged do not demonstrate that defendants denied him telephone access. *See Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996) (existence of First Amendment right of telephone access for prisoners).

Although not addressed in the order dismissing Arellano's action, dismissal of Arellano's retaliation and conspiracy claims was proper against all defendants except defendant Olson because Arellano did not allege facts sufficient to state a plausible claim for relief. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief); *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (setting forth elements of a § 1983 claim for retaliation in the prison context); *Buckey v. County of Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992) (specific facts must be alleged to "support the existence of a conspiracy among the defendants").

However, dismissal of Arellano's retaliation claim against defendant Olson was premature because Arellano alleged that Olson denied Arellano's appeal in retaliation for Arellano filing grievances. This allegation, liberally construed, is

"sufficient to warrant ordering [this defendant] to file an answer." *Wilhelm*, 680 F.3d at 1116.

We reject as without merit Arellano's contention that deprivation of his property constitutes atypical and significant hardship.

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

In sum, we vacate the dismissal of Arellano's retaliation claim as to defendant Olson, and remand for further proceedings as to this claim only. We affirm the dismissal of all other claims.

**AFFIRMED in part, VACATED in part, and REMANDED.**

16-56797